Félix Nieves Peluyera, Appellant, v. Registrar of
Property of Caguas, Respondent.

No. 1204.   Submitted February 24, 1947.—Decided March 5, 1947.

*Luis Mendín* for appellant.   The registrar appeared by brief.

Mr. Chief Justice Travieso delivered the opinion of the Court.

The Collector of Internal Revenue of Aguas Buenas instituted a distraint proceeding against the taxpayer José Ayala Falcón or his heirs, who are his widow María Nieves and

1

eight children, all of legal age, for the collection of taxes for the years 1939–40 and 1940–41, amounting to $54.56; and in pursuance thereof, he attached and sold at public auction a 60–acre (*cuerdas*) property and a house, which were awarded to the appellant herein.

In the certificate of purchase of real property delivered by the collector to the purchaser, it is set forth that as soon as the certificate of attachment duly recorded was received, notice of the attachment was issued, "Juan Reyes having been notified of the attachment, through the delivery to him of a copy of said notice, dated December 17, 1940, as *taxpayer and co-owner*, pursuant to the provisions of §§336 and 342 of the Political Code." It is also stated that "as provided by § 315 of the Political Code of Puerto Rico, notice of this sale has been served on the heirs of José Ayala Falcón, who are his widow María Nieves and his children of legal age, etc."

Upon presentation of the certificate of purchase for record in the Registry of Property of Caguas, the registrar refused to record it "because it appears from the registry that the property the subject of the sale is recorded in the name of José Ayala Falcón and not in the names of his heirs, mentioned in said certificate, against whom the proceeding was taken." The document was withdrawn on November 1, 1946; and upon its being resubmitted, after the corresponding declaration of heirship had been recorded, the registrar again denied the recording sought "because the attachment of the property appears to have been notified to Juan Reyes, as *co-owner and taxpayer*, without such status having been shown in this registry, and because said property appears recorded in the names of the heirs of José Ayala Falcón and of María Nieves Falcón Alicea, who are Juliana, Angel, Gabriela, Irene, Dolores, Mónica, Eladio Ayala Falcón, Felipa Rivera Ayala, and Carmelo Machuca, of legal age, and who should have been served with notice of the attachment, pursuant to

the provisions of §§ 336 and 342 of the Political Code, in order to vest the collector with jurisdiction to proceed to sell at public auction the property attached.''

The respondent maintains that notice of the attachment was served upon Juan Reyes, as *''taxpayer and neighbor''* and not as *''co-owner and taxpayer,''* as stated in the certificate of purchase; and urges that said notice, which he exhibits, was served in accordance with the provisions of the above-cited Sections of the Political Code.

The certified copy of the order declaring who are the heirs of José Ayala Falcón, which was presented by the appellant, shows that the decedent, owner of the realty sold at public auction, died intestate on July 15, 1933, leaving as his sole and universal heirs, his widow and children already mentioned. Since the taxes in question pertained to the years 1939–40 and 1940–41, it is evident that the persons who owned them were the heirs of José Ayala Falcón.

Section 336 of the Political Code establishes the procedure for levying an attachment of property and provides that upon the receipt of the written consent of the Treasurer, the collector shall issue a written notice of ''the attachment of the .personal property of the delinquent taxpayer''; and that ''said attachment shall be enforcible as soon as notice thereof shall have been served by leaving a copy thereof with the debtor himself or any member of his family or attendants of legal age.'' Said Section also provides that ''when the collector, or agent, fails to find any member of said debtor's family or attendants, he shall call in two neighbors as witnesses of the service of the notice of attachment, and he shall leave said notice in the hands of said witnesses, or, if no witnesses be found willing to receive the notice, the same shall be posted or attached to the goods, chattels or other property of the said debtor, whereupon the notice shall be considered as having been served upon the debtor.''

Section 339 of the Political Code authorizes the Treasurer to order the attachment and sale of real property, when the taxpayer has no personal property subject to attachment or when such personal property is not sufficient to cover the amount of the taxes. Section 342 of that same Code provides that upon the receipt of said order of attachment issued by the Treasurer and of the certificate of the registrar, "the collector, . . . shall serve notice upon the owner of said property, in the manner prescribed in section 336 of this Title, that if all the taxes, penalties and costs owing by said owner are not paid within the period hereinafter prescribed for advertising the sale of said property, the same will be sold at public auction."

In *González* v. *Pirazzy*, 23 P.R.R. 370, where notice of the attachment had been served on one of the several owners of the property, this court, construing § 336 of the Political Code, said:

". . . . At the time of the attachment and sale the true record owners of the property were not only Natalio González but the appellants as well, and they were all entitled to notice by the provisions of the Political Code as of the general law. (Citing authorities.) In this case the owners were not notified, but only one of them. It makes no difference that section 336, *supra,* says that notice may be made upon members of the family. The family to which that section refers presupposes the family living on the place. A cousin is not a member of the family of the cousins, co-owners who are living away. We think that this reasoning flows from section 336 itself and from other sections of the Political Code. The correct theory is that notice must be given to the owners, to their families if the latter are on the place, or be put into the hands of witnesses when all the owners are not to be found."

In the instant case, notice of the attachment was not served on any of the nine heirs of José Ayala Falcón, who were, at that time, owners of the property and debtors of the sum claimed by the Treasurer. The certificate presented in the registry fails to show that the collector made any effort to notify the owners of the property, although it

appeared from the certificate itself that all of them resided in the ward of Sumidero, Aguas Buenas, where the property is located. It also fails to show that a copy of the notice has been delivered to any member of the family or attendant, of legal age, residing in the attached property. In the certificate it is positively stated that a copy of the notice was delivered to Juan Reyes, as co-owner and taxpayer. The declaration of heirship and the certificate of the registrar, introduced by the appellant, show that the only owners of the realty at the time the attachment was levied were the heirs of José Ayala Falcón, none of whom was served with notice of the attachment. Since Juan Reyes was not a co-owner of the property, a fact admitted by the appellant, we have, therefore, that the notice of the attachment was served upon Juan Reyes, a total stranger, in his capacity as "taxpayer." And even if we accepted as true that a copy of the notice had been delivered to Juan Reyes "as taxpayer and neighbor," we would always have to reach the conclusion that the service of notice of the attachment was not in accord with the statute, since the latter does not authorize a service of notice on "a taxpayer," or on "a neighbor." It is only when the collector fails to find the debtor or any member of his family or attendant residing in that property, that the law authorizes him to call in two neighbors—and not merely one—as witnesses to the delivery of the notice of attachment, leaving in the hands of those two witnesses a copy of the notice.

The notice of the sale which the collector served on the heirs, owners of the property, can in no way change the situation created by the lack of service of the notice of attachment. Section 315 of the Political Code provides that in all cases where real estate is attached and sold for the payment of taxes, the Treasurer "shall notify all persons having a mortgage or other lien on said property of record of such sale and in such notice shall state the date of the

sale, the amount for which the property was sold, and such other facts as he may deem advisable.'' The purpose of such notice to the mortgage creditors or owners of other liens is to inform them of what has occurred in order that they may exercise the right of redemption granted to them by § 348 of that same Code. Section 315 does not impose on the Treasurer any duty to notify the sale to the owner of the property sold at public auction; and obviously it should be so, since it must be presumed that a taxpayer whose property is to be sold at public auction has been sufficiently informed, if and when the collector complies with the requirements of §§ 342 and 343 of the Political Code. The lack of service of notice of the attachment was not supplied or cured by the notification of the sale. The attachment of property for the collection of taxes is not effective unless notice thereof is served in the manner provided by §§ 336 and 342 of the Political Code.

The decision appealed from should be affirmed.